IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| KIMBERLY D.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:20CV159 (RCY) |
| | ) | |
| KILOLO KIJAKAZI,[2] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

This matter is before the Court on a Report and Recommendation ("R&R," ECF No. 18) from United States Magistrate Judge Lawrence R. Leonard filed on January 26, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 13, 15), which Plaintiff and Defendant respectively filed on April 20, 2021, and May 19, 2021. Plaintiff objected to the R&R, and Defendant responded (ECF Nos. 19, 20). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. E.D. Va. Loc. Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

(E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The R&R thoroughly details the factual and procedural history of this matter. (R&R at 2-8, ECF No. 18.) This matter involves Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (*Id.* at 1); s*ee* 42 U.S.C. § 405(g). Plaintiff alleged disability beginning on March 31, 2015. (R&R at 3.) She "protectively filed an application for DIB on May 8, 2018, alleging disability due to pes planus, insomnia disorder, migraines, left shin and patellofemoral pain, right shin and patellofemoral pain, degenerative joint disease, right lateral collateral sprain, cervical strain, and anxiety." (*Id.* at 2.) Plaintiff's application was denied, both initially and upon reconsideration. (*Id.*) An Administrative Law Judge ("ALJ") then held a hearing at Plaintiff's request on February 4, 2020, at which Plaintiff appeared with counsel, and thereafter denied Plaintiff's claim for DIB, finding that she was not disabled. (*Id.*) The ALJ followed a five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. (*Id.* at 11); *see Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) ("[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."); 20 C.F.R. § 404.1520(a)(4).

"At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since the alleged disability onset date of March 31, 2015." (R&R at 7.)  Next, "[a]t step two, the ALJ found that Plaintiff had the following severe impairments: migraines, anxiety, depression, adjustment disorder, obesity, disorders of the lumbar spine, and neuropathy." (*Id.*)  Then, "[a]t step three, the ALJ considered Plaintiff's severe impairments and found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1." (*Id.*)  After step three, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> the claimant has to avoid crawling and climbing ladders, ropes, or scaffolds, but she can perform other postural movements on an occasional basis.  The claimant is limited to simple, routine, and repetitive tasks that allow her to avoid fast-paced tasks such as assembly line jobs involving production quotas.  The claimant is limited to occasional, brief and superficial interaction with the public and coworkers.  The claimant is limited to frequent fingering, grasping, handling, and reaching.  The claimant has to avoid working around hazards such as moving dangerous machinery and unprotected heights.  The claimant has to avoid working in extreme temperatures and humidity.

(*Id.*) (citation to Record omitted.)  In making this determination, "the ALJ considered 'all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p.'" (*Id.*)

The ALJ determined at step four that Plaintiff was not able to perform to her past relevant work. (*Id.*)  At step five, the ALJ found that "Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of: machine feeder; line attendant; mail clerk; final assembler; inspector; and table worker. (*Id.* at 8.)  "Thus, the ALJ determined that Plaintiff was not disabled from the alleged onset date, March 31, 2015, through the date of his decision, July 6, 2020." (*Id.*)

On August 19, 2020, the Appeals Council denied Plaintiff's request for review, making the

ALJ's decision the final determination of the Commissioner. (*Id.* at 2); *see* 42 U.S.C. §§ 405(g) & (h), 1383(c)(3); 20 C.F.R. § 404.981. Plaintiff then sought review of the ALJ's decision in this Court, filing her Complaint on October 22, 2020. (ECF No. 1.)

The Magistrate Judge considered the challenges brought by Plaintiff. In the Complaint, Plaintiff claimed that the "denial of her disability claim is not supported by substantial evidence under the standards set forth by 42 U.S.C. § 405(g) and all other applicable laws and regulations, including the weight of the evidence[,] her credibility, the medical opinions of her doctors, and any and all other applicable evidentiary issues, both in law and in fact, and therefore the denial of her claim should be reversed or remanded for further administrative proceedings." (Compl. ¶ 6.) In her motion for summary judgment, Plaintiff argues specifically that the ALJ "erred by failing to account for all of the opinions provided by the state agency psychologists despite finding their opinions to be persuasive." (Pl.'s Mem. Supp. Mot. Summ. J. at 9, ECF No. 14; *see also* R&R at 9.) The Magistrate Judge addressed Plaintiff's contentions, first, "that although the ALJ found Dr. Jennings' opinion 'largely persuasive,' the ALJ crafted an RFC that excluded two limitations that Dr. Jennings found appropriate: (1) limited coworker collaboration, and (2) a non-stressful work environment." (R&R at 9 (citing Pl.'s Mem. Supp. Mot. Summ. J. at 10-12).) Second, Plaintiff contended "that the ALJ was under no obligation to adopt Dr. Jennings' opinions, but rather, the ALJ was obligated to 'provide some sort of explanation . . . why seemingly credible limitations were omitted.'" (*Id.* (citing Pl.'s Reply at 2, ECF No. 17).) In response, "the Commissioner contend[ed] that the ALJ's RFC accounts for the limitations assessed by Dr. Jennings, and the ALJ did not err by declining to provide an explicit explanation as to why he excluded those specific limitations from Plaintiff's RFC." (*Id.* (citing Def.'s Mem. Supp. Mot. Summ. J. at 12-15, ECF No. 16).) The Magistrate Judge determined that "the ALJ did not err by declining to adopt every limitation in Dr. Jennings' opinion, and the ALJ provided sufficient explanation why he did not

adopt certain limitations." (R&R at 9.)  He pointed out that the "residual functional capacity determination is reserved exclusively to the ALJ alone." (*Id*. at 10 (citing § 404.1527(d)(2)).)  Judge Leonard concluded that "the ALJ did not err in evaluating Dr. Jennings' opinion and his thorough explanation allows the Court to meaningfully review why the ALJ excluded certain limitations from Plaintiff's RFC that Dr. Jennings found appropriate." (*Id*. at 11.)

Accordingly, the Magistrate Judge recommended to the Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (*Id.* at 15); *see* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On February 9, 2022, Plaintiff filed her Objection to the Magistrate Judge's R&R. (Obj., ECF No. 19.)  Plaintiff sets forth her Objection as: "[t]he ALJ failed to properly account for all of the credible opinions provided by Dr. Jennings, the state agency psychologist." (*Id.* at 2.)  She contends that "[i]t was the ALJ's decision to expressly credit these opinions [of Dr. Jennings], and then omit them from the residual functional capacity that was the basis for [the Plaintiff's] argument." (*Id*. at 3.)  She continues:

> [The Plaintiff] was not arguing that the ALJ had to accept or include these opinions, instead, it was that the ALJ expressly credited these opinions and omitted them without any explanation.  The ALJ's actions precluded any sort of meaningful review as it does not allow for a subsequent reviewer to trace the path of the ALJ's reasoning.

(*Id*.)  She contends that "the ALJ's recitation of the evidence . . . does not allow for a subsequent reviewer to trace the path of his reasoning" and "does not explain . . . why certain opinions provided by Dr. Jennings were included and other opinions were not." (*Id*. at 4.)  Plaintiff notes several times that she disagrees with Judge Leonard's analysis and conclusions regarding the

5

ALJ's decision, and she claims that Magistrate Judge Leonard's review was "nothing more than *post hoc* rationalization." (*Id*. at 4-6.) Thus, Plaintiff asks the Court to reject the R&R, reverse the ALJ's decision, and either award benefits or remand to the Commissioner. (*Id*. at 7.)

Defendant disagrees with the Objection. In her response, Acting Commissioner Kijakazi contends first that "Plaintiff essentially argues that Magistrate Judge Leonard erred in not accepting the arguments made in [Plaintiff's] initial brief." (Resp. to Obj. at 3, ECF No. 20.) She also contends that "Plaintiff's objection reiterates her sole argument that the ALJ erred because the RFC is inconsistent with and did not adequately account for Dr. Jennings' opinion because the ALJ did not explicitly include a limitation to limited coworker collaboration or a non-stressful work environment in the RFC and he did not explain why he omitted this limitation from the RFC." (*Id*. at 3 (internal citations omitted).) Defendant contends that "Magistrate Judge Leonard specifically considered this assertion, and found it to be lacking." (*Id*. at 4 (internal citations omitted).)

The Defendant notes that, even under the prior regulations, "the ALJ is not required to adopt each RFC limitation from a persuasive opinion," and that "[d]istrict courts throughout this circuit have agreed that no such requirement exists." (*Id*. at 4 (internal citations omitted).) She also notes that "the new regulations do not require an ALJ to adopt each and every limitation in a persuasive medical opinion." (*Id*. at 4-5 (citing decisions from 2019-2021).) She contends that Judge Leonard "correctly determined that the ALJ did not err in finding Dr. Jennings' prior administrative medical finding largely persuasive and not incorporating limited coworker collaboration or a non-stressful work environment into the RFC." (*Id*. at 5 (citing the R&R at 10).) Defendant contends that "the ALJ's decision incorporated similar limitations to those assessed by Dr. Jennings." (*Id*. at 6 (noting that "instead of 'limited coworker collaboration,' the ALJ chose to limit Plaintiff to only occasional, brief, and superficial interaction with her coworkers.") She also

6

contends that "the ALJ chose to limit Plaintiff to a certain type of non-stressful environment that he deemed appropriate in light of the record," thus accounting for Dr. Jennings' opinion that Plaintiff's environment should be non-stressful. (*Id*. at 6-7.)  Defendant also notes that "a court may consider the entirety of the record in performing substantial evidence review," according to § 405(g).  (*Id*. at 7.)  She contends that Judge Leonard "was not offering a *post hoc* rationale for the ALJ's consideration of Dr. Jennings' findings, but was merely explaining what the evidence did and did not show, which he determined was substantial evidence to support the ALJ's analysis." (*Id*. at 8.)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).  When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In 2019, the Supreme Court confirmed that the substantial-evidence standard "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  It explained that "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.  Even more recently, in 2020, the Supreme Court reaffirmed that the substantial-evidence standard is "highly deferential," explaining that "[t]he agency's 'findings of fact are conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citing 8 U.S.C. § 1252).

The Court cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"); *Nasrallah*, 140 S. Ct. at 1692 (referring to the standard as "highly deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard, having reviewed the record, Plaintiff's Objection, and the Magistrate Judge's detailed R&R, this Court finds that the Magistrate Judge applied the proper standard and that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly considered and rejected by the Magistrate Judge. Accordingly, Plaintiff's Objection will be overruled.

For these reasons, the Court hereby ACCEPTS and ADOPTS the Magistrate Judge's R&R (ECF No. 18). Plaintiff's Motion for Summary Judgment, (ECF No. 13), will be denied, and Defendant's Motion for Summary Judgment, (ECF No. 15), will be granted. The final decision of the Commissioner will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/  
Roderick C. Young  
United States District Judge

Richmond, Virginia  
Date: March 22, 2022